1

2

3                      **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
4                           **OAKLAND DIVISION**

5

6    YODLEE, INC.,                          No.  C 06-07222 SBA

7              Plaintiff,                   **ORDER**

8       v.                                  [Docket No. 54]

9    ABLAISE LTD., *et al.*,

10             Defendants.

11   FINANCIAL FUSION, INC.,                **RELATED CASE**
                                            No.  C 05-05234 SBA
12             Plaintiff,
                                            [Docket No. 106]
13      v.

14   ABLAISE LTD., *et al.*,

15             Defendants.

16
     ABLAISE LTD., *et al.*,                **RELATED CASE**
17                                          No.  C 05-05234 SBA
               Plaintiffs,
18                                          [Docket No. 43]
        v.
19
     BANK OF AMERICA CORPORATION,
20
               Defendant.
21

22

23
              Currently before the Court is Ablaise's Motion for a Case Management Order [Docket No.
24
     54].[1]  Having read and considered the arguments presented by the parties in the papers submitted to
25
     the Court, the Court finds this matter appropriate for resolution without a hearing.
26

27
     ───────────────────────
28   [1] References to the Docket refer to Case No. 06-07222.

**BACKGROUND**

A.      **Ablaise Accuses FFI's Customers; FFI Sues Ablaise**

On February 6, 2006, Ablaise LTD, et al. ("Ablaise") sent a letter to Bank of America Corporation ("Bank of America")  accusing the "military bank" feature of Bank of America's website of infringing U.S. Patent No. 6,961,737 (the "737 patent").  On February 7 and March 24, 2006, Ablaise sent letters to First Horizon Bank ("First Horizon"), warning that its website infringed the 737 patent and threatening a patent infringement lawsuit.  On April 6, 2006, FFI filed a declaratory judgment action stating that FFI developed the allegedly infringing Bank of America and First Horizon websites and seeking a declaration that its products do not infringe the 737 patent.[2] This declaratory judgment action was originally assigned to Magistrate Judge Patricia V. Trumbull. Ablaise asserted counterclaims against FFI and its customers in this declaratory judgment action, including claims of infringement of the 737 patent as well as U.S. Patent No. 6,295,530 (the "530 patent").  On November 2, 2006, FFI filed for leave to add the 530 patent to its declaratory judgment action.  The Court granted FFI leave to add the 530 patent on December 18, 2006.  On July 26, 2006, Ablaise filed a motion to dismiss the FFI litigation on the grounds that there was no case or controversy between Ablaise and FFI.  Magistrate Judge Trumbull denied that motion on September 27, 2006.

B.      **Ablaise Accuses Yodlee's Customers; Yodlee Sues Ablaise**

On April 10, 2006, Ablaise sent a letter to Compass Bank accusing the "compassweb.com" portion of the Compass Bank website of infringing the 737 patent.  On July 26, 2006, Ablaise sent a letter to Bank of America accusing the "My Portfolio" feature of the Bank of America website of infringing the 737 patent.  The features that Ablaise identified in these two letters were designed, developed, created, and supported by Yodlee, Inc. ("Yodlee").  On November 21, 2006, Yodlee filed a declaratory judgment action in the Northern District of California, seeking judgment that its products do not infringe either the 530 or the 737 patents.  The Yodlee declaratory judgment action

---

[2] On June 14, 2006, FFI filed an Amended Complaint seeking declaratory judgments of non-infringement and invalidity of the 737 patent.

was initially assigned to Judge Whyte.  Ablaise asserted counterclaims against Yodlee and its customers, including claims of infringement of the 530 and 737 patents.

### C.    Ablaise Sues Bank of America for the 530 and 737 Patents

On August 28, 2006, Ablaise sued Bank of America in the District of Delaware alleging infringement of the 737 patent by the Bank of America website (the "Delaware Action").  On October 10, 2006, Ablaise amended its complaint in the Delaware Action to add claims for Bank of America's alleged infringement of the 530 patent.

### D.    Cases Related

On December 5, 2006, FFI filed an Administrative Motion to Relate Cases, requesting that FFI's declaratory judgment action be related to the Yodlee declaratory judgment action.  On December 15, 2006, Magistrate Judge Trumbull granted FFI's Motion to Relate Cases and the Yodlee declaratory judgment action was assigned to Magistrate Judge Trumbull.  On January 19, 2007, Ablaise filed a Declination to Proceed Before a Magistrate Judge, and on January 22, 2007, both the FFI and Yodlee declaratory judgment actions were assigned to this Court.

On December 22, 2006, Bank of America filed a motion to stay the Delaware Action on the ground that the FFI and Yodlee declaratory judgment actions will resolve Ablaise's infringement claims against Bank of America.  Ablaise opposed this motion and on March 1, 2007, Chief Judge Robinson denied Bank of America's Motion to Stay, and transferred the Delaware Action to this District.  After transfer, the Bank of America litigation was assigned to Judge Patel, who filed a notice of recusal.  The Delaware Action was then reassigned to Judge Alsup.  On April 24, 2007, FFI filed an administrative motion to relate the transferred Delaware Action with the FFI and Yodlee declaratory judgment actions.  This Court granted the motion on May 7, 2007.[3]

### E.    Issues Presented by Ablaise's Present Motion

---

[3] Two other cases involving the same patents have been ongoing before the United States District Court of the District of Columbia, *Dow Jones & Co. v. Ablaise Ltd.*, Civil Action No. 1:06 CV 01014 (filed July 11, 2007), and *Dow Jones Reuters Business Interactive, LLC v. Ablaise Ltd.*, Civil Action No. 1:06 CV 01015 (filed July 11, 2007) (collectively, "the *Dow Jones* cases").  The *Dow Jones* cases involve claims for declaratory judgment and of infringement of the 530 and 737 patents.

Ablaise requests that this Court limit FFI's and Yodlee's declaratory judgment actions to the Bank of America website and dismiss without prejudice all of FFI's and Yodlee's claims concerning the 530 patent.  Ablaise also moves the Court to allow it to amend its answers and counterclaims against FFI and Yodlee to limit its infringement allegations to the services that FFI and Yodlee provide to Bank of America in connection with the 737 patent.  In the alternative, Ablaise seeks to compel discovery responses from FFI and Yodlee that will permit an analysis of infringement of other customers besides Bank of America.  Finally, Ablaise seeks leave to amend its preliminary infringement contentions against Bank of America to add the 530 Patent.

In their opposition to Ablaise's motion, FFI, Yodlee, and Bank of America (collectively, the "Accused") request that the Court dismiss with prejudice all of Ablaise's counterclaims against FFI and Yodlee relating to the 530 patent and dismiss with prejudice Ablaise's counterclaims against FFI and Yodlee relating to websites other than the Bank of America website, arguing that Ablaise has failed to prosecute such claims.  The Accused also object to Ablaise's request for leave to amend its preliminary infringement contentions against Bank of America to add the 530 patent, arguing that Ablaise's request is not supported by good cause.  Finally, the Accused object to Ablaise's motion to compel discovery.

**<u>ANALYSIS</u>**

Ablaise moves this Court to dismiss FFI's and Yodlee's claims concerning their customers other than Bank of America.  Ablaise argues that this Court does not have subject matter jurisdiction to hear such claims because, it contends, there is no controversy between Ablaise and customers of FFI and Yodlee other than Bank of America.

The Supreme Court, in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007), recently enunciated the appropriate standard for declaratory judgment jurisdiction.  "The question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 127 S. Ct. at 771.

4

1

**A.    FFI's Claims Regarding Customers Other than Bank of America**

2      Ablaise argues that no controversy exists between it and FFI with respect to FFI's customers

3 other than Bank of America.  Ablaise acknowledges that FFI has pled that it is bound by indemnity

4 agreements with two customers who received letters from Ablaise regarding patent

5 infringement—Bank of America and First Horizon.  However, Ablaise argues that since that time,

6 First Horizon has removed the infringing portion of its website.  Therefore, according to Ablaise,

7 FFI no longer has an "actual or imminent injury" caused by Ablaise that could be redressed by this

8 Court in regards to First Horizon.  Ablaise contends that FFI's only basis for subject matter

9 jurisdiction relates to Ablaise's controversy with Bank of America.

10     Under *MedImmune*, "the question in each case is whether the facts alleged, *under all the*

11 *circumstances*, show that there is a *substantial controversy*, between parties having adverse legal

12 interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

13 *MedImmune*, 127 S. Ct. at 771.[4]  In light of this standard, the Court disagrees with Ablaise that

14 subject matter jurisdiction is lacking over the claims relating to First Horizon.[5]  However, the Court

15 also finds that FFI, for its part, has not sufficiently alleged a controversy between Ablaise and

16 customers of FFI other than Bank of America and First Horizon under the *MedImmune* standard.

17 Although Ablaise has indeed threatened these two FFI customers, FFI has not alleged that other

18 customers have been threatened or that there is a substantial controversy of sufficient immediacy

19 and reality between Ablaise and other customers to warrant declaratory relief.

20     FFI has failed to allege a controversy between Ablaise and customers of FFI other than First

21 Horizon and Bank of America.  Accordingly, Ablaise's motion to dismiss FFI's claims regarding

22 customers other than First Horizon and Bank of America is GRANTED, without prejudice, for lack

23 _____

24 [4] Emphasis added.

25 [5] Ablaise's argument, that simply because First Horizon Bank has removed the infringing portion of its website there cannot
26 be subject matter jurisdiction over FFI's claims concerning First Horizon, is unpersuasive.  Even if First Horizon's alleged
infringements are past infringements, Ablaise retains the right to sue First Horizon Bank for past infringements.  Indeed, in
the present motion, Ablaise seeks leave to amend its infringement contentions to address *past* infringement of its 530 patent
27 by Bank of America.  *See Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1346 (Fed. Cir. 2005).

28                                    5

of subject matter jurisdiction.  Ablaise is ORDERED to amend its complaint, within 10 days of date this order is entered, to limit its counterclaims to FFI's customers, First Horizon and Bank of America.

### B.      Yodlee's Claims Regarding Customers Other than Bank of America

Ablaise argues that Yodlee only has subject matter jurisdiction for its claims concerning the Bank of America website.  Ablaise explains that Yodlee only identified two customers with which it has an indemnity agreement that received accusatory letters from Ablaise, Compass Bank and Bank of America, but that Compass Bank has changed its website since being contacted by Ablaise on April 10, 2006.  Therefore, according to Ablaise, Yodlee cannot show a substantial controversy between Ablaise and other Yodlee customers save Bank of America.

Yodlee is in a similar position as FFI *vis-a-vis* Ablaise's infringement claims.  Thus, the same disposition of its claims is appropriate.  Yodlee's customers, Bank of America and Compass Bank, were each contacted by Ablaise and threatened with legal action in connection with alleged infringement of Ablaise's patents.  Yodlee has also alleged the existence of indemnification agreements with these customers.  Bank of America has since been sued by Ablaise for portions of Bank America's site developed by Yodlee.  Furthermore, there is no apparent legal impediment to Ablaise suing Compass Bank for *past* infringement of Ablaise's patents, despite its removal of the offending portions of its website.  Accordingly, the Court has subject matter jurisdiction over Yodlee's declaratory judgment claims for Compass Bank and Bank of America.

However, Yodlee has not alleged that other customers have been threatened or that there is a substantial controversy of sufficient immediacy and reality between Ablaise and other customers to warrant declaratory relief.  Accordingly, Ablaise's motion to dismiss Yodlee's claims regarding customers other than Compass Bank and Bank of America is GRANTED without prejudice for lack of subject matter jurisdiction.  Ablaise is ORDERED to amend its complaint, within 10 days of date this order is entered, to limit its counterclaims to Yodlee's customers, Compass Bank and Bank of America.

6

1    **C.      Leave to Amend Infringement Contentions against Bank of America**

2          On September 20, 2007, the Court entered a scheduling order setting November 1, 2007 as

3    the deadline for disclosure of Preliminary Infringement Contentions pursuant to the Patent Local

4    Rules [Docket No. 41].  Although in its Amended Complaint, filed October 10, 2006, Ablaise pled

5    infringement claims against Bank of America for the 530 patent, Ablaise did not file infringement

6    contentions for the 530 patent by the Court's deadline.  Ablaise now requests leave to amend its

7    preliminary infringement contentions against Bank of America to include contentions for past

8    infringement of the 530 patent.  FFI, Yodlee, and Bank of America oppose this, arguing that, despite

9    alleging infringement of its 530 patent against Bank of America, Ablaise has failed to file

10   corresponding preliminary infringement contentions by the deadline established by the Court

11   without good cause.

12         Amendment or modification of the Preliminary or Final Infringement Contentions or the

13   Preliminary or Final Invalidity Contentions, other than as expressly permitted in Patent L.R. 3-6,

14   may be made only by order of the Court, which shall be entered *only a upon a showing of good*

15   *cause*.  Patent L.R. 3-7.[6]   While the Ninth Circuit has not offered any guidance as to what

16   constitutes good cause to amend preliminary infringement contentions under this Court's Patent

17   Local Rules, it has addressed the meaning of good cause in the context of a motion to amend a

18   scheduling order.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  In

19   discussing Fed. R. Civ. P. 16(b), the Ninth Circuit has held that the focus must be on the diligence of

20   the party seeking amendment. "[C]arelessness is not compatible with a finding of diligence and

21   offers no reason for a grant of relief." *Id*.  The existence or degree of prejudice to the opposing party

22   may be considered; however, the motion turns on the moving party's reasons for seeking

23   modification. *Id.*

24         Ablaise argues that good cause exists here for it to amend its preliminary infringement

25   contentions.  However, the only reason it advances in support of this position is that it "was in the

26   _____

27   [6] Emphasis added.

28                                                  7

process of determining the scope of these actions around the time its preliminary infringement contentions were filed." This argument is unpersuasive. Ablaise sued Bank of America on August 28, 2006. FFI filed its declaratory judgment action on April 6, 2006 and added the 530 patent to its action on December 18, 2006. Yodlee filed its declaratory judgment action on November 21, 2006. Thus, all of the actions concerning Ablaise's present motion commenced nearly one year before Ablaise's preliminary infringement contentions were due on November 1, 2007. Ablaise should have been more diligent in prosecuting its 530 patent claim against Bank of America and should have filed infringement contentions in accordance with the Patent Local Rules and this Court's scheduling order. At a minimum, Ablaise should have sought modification of the scheduling order or other appropriate procedural relief *prior* to the deadline established by the Court. Instead, it waited nearly two months after expiration of the deadline on November 21, 2007 to bring the issue to the Court's attention on January 10, 2008, and over a year after these related cases were commenced.

Having failed to articulate good cause for its failure to comply with the Court's scheduling order, Ablaise's request for leave to amend its preliminary infringement contentions, to add a past infringement of the 530 patent by Bank of America, is DENIED.

Defendants contend that Ablaise's failure to file preliminary infringement contentions for the 530 patent against Bank of America constitutes a failure to prosecute, and argue that dismissal with prejudice of Ablaise's 530 patent claim against Bank of America is the appropriate procedural remedy under these circumstances. While a court may dismiss a claim with prejudice for failure to prosecute on behalf of the claimant, it may also, in its discretion, choose to dismiss such a claim without prejudice. Fed. R. Civ. Pro. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision....operates as an adjudication upon the merits."). Furthermore, dismissal of a claim with prejudice is a harsh remedy and disfavored except in extreme circumstances. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Defendants cite *BioGenex Labs. v. Ventana Med. Sys.*, 2005 U.S. Dist. LEXIS 45531, *7-8 (N.D. Cal. 2005) in

1    support of their position.  In *BioGenex*, the court denied a patentee's motion for leave to amend

2    infringement contentions and granted the accused infringer's motion for summary judgment after the

3    patentee failed to serve infringement contentions by the Court's deadline, failed to seek an

4    extension, and failed to establish "good cause" pursuant to Patent Local Rule 3-7.  *BioGenex*, 2005

5    U.S. Dist. LEXIS 45531 at *7-8.

6        However, in *BioGenex*, the court's denial of leave to amend the preliminary infringement

7    contentions was also based on the court's finding that the accused party would have been prejudiced

8    to the extent that the failure to file the infringement contentions led it to expend time and money in

9    filing and pursuing the motion for summary judgment.  *Id.*  Here, although Ablaise has not

10   established that it has good cause to amend its preliminary infringement contentions, the Accused

11   have not expended time and money to pursue a motion to dismiss Ablaise's 530 claims against Bank

12   of America and therefore *BioGenex* is less applicable.

13       In light of the strong policy disfavoring dismissal with prejudice, Ablaise's claim against

14   Bank of America for past infringement of the 530 patent is DISMISSED without prejudice for

15   failure to prosecute.

16           **D.     FFI's and Yodlee's Claims Regarding the 530 Patent**

17       Ablaise requests that this Court dismiss without prejudice FFI's and Yodlee's Claims

18   concerning infringement of the 530 patent.  Ablaise argues that this Court does not have subject

19   matter jurisdiction to hear such claims because, it alleges, Ablaise's only controversy with FFI and

20   Yodlee concerns the 737 patent.  Specifically, Ablaise argues that it has not accused any portion of

21   Bank of America's website, developed or serviced by FFI or Yodlee, of infringing the 530 patent.

22   As such, according to Ablaise, neither FFI nor Yodlee can establish subject matter jurisdiction to

23   proceed on their declaratory judgment actions involving the 530 patent.  Ablaise is correct on this

24   point except with respect to Bank of America's website.

25       In its First Amended Complaint for Patent Infringement against Bank of America, Ablaise

26   alleges that "Bank of America has infringed one or more claims of the 737 patent *and the 530 patent*

27

28                                                9

by making, using, and operating its bankofamerica.com and *related* websites throughout the United States...."[7]  In its First Amended Complaint, Ablaise chose to assert very broad allegations against Bank of America, extending to the 530 patent on the bankofamerica.com website and *related* websites.  With respect to the Military Bank website (bankofamerica.com/military), FFI argues that it asked Ablaise to amend its First Amended Complaint to exclude the Military Bank website but Ablaise has failed to do so.  Ablaise's suit against Bank of America, including its allegations of infringement of the 530 patent by the Military Bank website constitutes a substantial controversy, with Bank of America, of sufficient immediacy and reality to warrant declaratory relief.[8]  Thus, the Court has subject matter jurisdiction under *MedImmune* to hear FFI's and Yodlee's claims concerning infringement of the 530 patent by the Bank of America website.  However, as explained above, the Court dismisses Ablaise's claims against Bank of America for past infringement of the 530 patent.  Thus, Ablaise's motion for dismissal of FFI's and Yodlee's claims for non-infringement of the 530 patent by Bank of America is DENIED as moot.

FFI and Yodlee have failed to establish that a substantial controversy of sufficient immediacy and reality exists between Ablaise and their customers, other than Bank of America, with respect to the 530 patent.  Thus, the Court does not have subject matter jurisdiction over such claims.  Accordingly, Ablaise's motion for dismissal of FFI's and Yodlee's claims concerning the 530 patent and customers other than Bank of America, namely First Horizon and Compass Bank, is GRANTED without prejudice, for lack of subject matter jurisdiction.

**E.      Dismissal of Ablaise's Claims against FFI and Yodlee**

FFI and Yodlee argue that despite alleging infringement of its 737 patent by FFI's and Yodlee's customers other than Bank of America, and infringement of its 530 patent by such

---

[7] Emphasis added.

[8] The Court notes that prior to the present motion, in the FFI declaratory judgment action, Ablaise unsuccessfully argued for lack of subject matter jurisdiction over the 530 patent.  Ablaise opposed FFI's motion for leave to add the 530 patent to FFI's declaratory judgment action on the ground that there was no case or controversy regarding the patent.  However, Magistrate Judge Trumbull agreed with FFI, finding that there *was* an actual controversy between Ablaise and FFI over the 530 patent and granted FFI's motion for leave to add the 530 patent to this case.

customers including Bank of America, Ablaise failed to file corresponding preliminary infringement contentions by the deadline established by the Court's scheduling order.  FFI and Yodlee argue that Ablaise has failed to prosecute these claims and that dismissal with prejudice is the appropriate procedural remedy.

As explained above, the Court finds that FFI and Yodlee have not established the requisite controversy between Ablaise and their other customers besides Bank of America, First Horizon (for FFI), and Compass Bank (for Yodlee) to establish subject matter jurisdiction.  Furthermore, Ablaise's claim for infringement of the 530 patent by Bank of America has been dismissed leaving only Ablaise's claims concerning the 737 patent.  Finally, as explained above, the Court has ruled that it does not have subject matter jurisdiction over the 530 patent with respect to Compass Bank and First Horizon because such entities lack a substantial controversy with Ablaise over the 530 patent.  Thus, given the Court's previous rulings, only Ablaise's claims against First Horizon and Compass Bank for infringement of the 737 patent remain as claims for which Ablaise has failed to file corresponding preliminary infringement contentions.

According to the Patent Local Rules, "[n]ot later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions."  Patent L.R. 3-1.  According to this Court's scheduling order and Patent L.R. 3-1, preliminary infringement contentions were to be served by November 1, 2007.

While a court may dismiss a claim with prejudice for failure to prosecute on behalf of the claimant, it may also, in its discretion, choose to dismiss such a claim without prejudice.  Fed. R. Civ. Pro. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision....operates as an adjudication upon the merits.").

Despite the fact that Ablaise did not prosecute its claims against First Horizon and Compass Bank with diligence, this Court is not prepared to dismiss such claims with prejudice at this stage in these proceedings.  Ablaise's failure to prosecute the claims against FFI's and Yodlee's other

customers is less egregious than its failure to prosecute its 530 claims against Bank of America. Ablaise's claims against FFI's and Yodlee's other customers were raised, ostensibly, in response to the declaratory judgment actions brought by FFI and Yodlee related to all of their customers, despite the fact that Ablaise had no controversy with most of them.  Therefore, rather than dismissing Ablaise's claims against First Horizon and Compass Bank, the Court GRANTS Ablaise ten days leave to amend its counterclaims against FFI and Yodlee to remove the claims against First Horizon and Compass Bank.  If Ablaise elects to maintain such claims, however, the Court ORDERS Ablaise to serve corresponding preliminary infringement contentions pursuant to Patent L.R. 3-1 within twenty days of the date this order is entered, and further ORDERS Yodlee and FFI to serve responsive preliminary invalidity contentions pursuant to the Patent Local Rules.

**F.      Discovery**

As an alternative to dismissing FFI's and Yodlee's claims concerning the 530 patent and any claims concerning customers other than Bank of America, Ablaise moves to compel discovery for such claims.  In particular, Ablaise requests that FFI and Yodlee disclose the products or services that they declare do not infringe Ablaise's patents.  FFI and Yodlee respond, arguing that Ablaise expressly agreed, in the parties' September 6, 2007 Joint Case Management Conference Statement, that discovery shall be limited to issues relating to claim construction until after the Markman hearing, and that Ablaise has access to publicly-available information about their customers and the products and services FFI and Yodlee provide to them.

The Court is not persuaded that discovery should be compelled at this time.   First, the Court has ruled that these related cases shall be limited to claims concerning Bank of America, First Horizon, and Compass Bank.  Ablaise has already sent accusatory letters to Bank of America, First Horizon, and Compass Bank regarding infringement of its patents and is, therefore, familiar with the websites at issue.  Second, the parties have agreed in their September 6, 2007 Joint Case Management Conference Statement to stay discovery until after a Markman hearing [Docket No. 38].  Accordingly, the Court declines to compel discovery and Ablaise's motion is therefore

1    DENIED.

2                                        **CONCLUSION**

3              For the foregoing reasons, Ablaise's motion for a case management order [Docket No. 54] is

4    GRANTED in part and DENIED in part.

5              It is further ORDERED that, pursuant to Civil Local Rule 16-10(c), **a case management**

6    **conference** is scheduled for **December 18, 2008 at 3:15 p.m.**  The parties shall **meet and confer**

7    prior to the conference and shall prepare a joint Case Management Conference Statement which

8    shall be filed no later than ten (10) days prior to the Case Management Conference that complies

9    with the Standing Order For All Judges Of The Northern District Of California and the Standing

10   Order of this Court.  Plaintiffs shall be responsible for filing the statement as well as for arranging

11   the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above

12   indicated date and time.

13

14             IT IS SO ORDERED.

15             September 30, 2008                      _____
                                                       Saundra Brown Armstrong
16                                                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28                                                    13